UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMMY'S RESTAURANT, INC.,<br><br>    Defendant. | No. 2:15-cv-00147-TLN-KJN<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

This matter is before the Court on Plaintiff Scott Johnson's motion for partial summary judgment. (ECF No. 17.) Plaintiff's motion requests that the Court order Defendant Sammy's Restaurant, Inc. to pay him $8,000 in statutory penalties. (ECF No. 17 at 1.) Defendant filed an opposition to Plaintiff's motion. (ECF No. 20.) For the reasons set forth below, the Court GRANTS Plaintiff's motion (ECF No. 17).

///
///
///
///
///
///
///

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

A.     Procedural Background

Plaintiff's Complaint, filed on January 17, 2015, brings causes of action against Defendant pursuant to the Americans With Disabilities Act ("ADA"), California's Unruh Civil Rights Act, California's Disabled Persons Act, and common-law negligence. (ECF No. 1 at 5–9.) Plaintiff filed the instant motion on September 21, 2017 supported by a Separate Statement of Undisputed Material Facts (ECF No. 17-2), his own declaration (ECF No. 17-4), a copy of Defendant's Answer (ECF No. 17-11), and copies of various receipts Plaintiff received after patronizing Defendant's business in late 2013 and early 2014 (ECF No. 17-4 ¶ 7). Plaintiff's motion requests partial summary judgment awarding him statutory penalties for Defendant's violations of the Unruh Civil Rights Act: $4,000 for violations Plaintiff encountered when he visited Defendant's restaurant in November 2013, and $4,000 for violations Plaintiff encountered on subsequent visits to the restaurant that same month and in March 2014. (ECF No. 17-1 at 5–6, 13.) Plaintiff's motion specifically reserves for trial the issues of actual damages, injunctive relief, and his claim for retaliation under the ADA. (ECF No. 17-1 at 5.)

Defendant initially failed to file a response to Plaintiff's motion within the required timeframe (*see* ECF No. 18), but eventually filed an opposition captioned as its Objection to Plaintiff's Motion for Summary Judgment (ECF No. 20). Defendant did not attach its own separate statement of disputed facts as required by Rule 260(b) of the Local Rules of the United States District Court for the Eastern District of California. Defendant nonetheless argues that summary judgment should be denied because "a triable issue exists as to whether making multiple visits to a known non-ADA compliant property and then claiming damages for multiple visits, as to whether those multiple visits were 'reasonable' in light of Plaintiff's duty to mitigate his damages." (ECF No. 20 at 2.)

B.     Factual Background

The undisputed facts establish as follows. Plaintiff is a quadriplegic who cannot walk and uses a wheelchair for mobility. (ECF No. 17-4 ¶ 2.) Defendant owns Sammy's Restaurant at 2021 Del Paso Boulevard in Sacramento (ECF No. 1 ¶ 2; ECF No. 17-2 ¶ 2; ECF No. 17-11 ¶ 2),

which restaurant is a business establishment open to the public (ECF No. 1 ¶ 7; ECF No. 17-2 ¶ 3; ECF No. 17-11 ¶ 7). Plaintiff sued Defendant in 2011 for ADA violations, but dismissed that suit without prejudice "with the understanding that Defendant would be remedying the violations." (ECF No. 17-4 ¶¶ 4–5.) Plaintiff thereafter ate at Defendant's restaurant on November 19, 21, and 26, 2013, as well as on March 7, 2014. (ECF No. 17-4 ¶ 6.) During those visits, Plaintiff encountered the same violations that gave rise to the 2011 litigation (ECF No. 17-4 ¶ 8), specifically: outside dining tables that did not have sufficient knee clearance space for him in his wheelchair (ECF No. 17-2 ¶ 8; ECF No. 17-4 ¶ 9); an unramped step impeding his travel to the dining counter (ECF No. 17-2 ¶ 9; ECF No. 17-4 ¶ 10); a paper towel dispenser in the restroom that, at fifty-four inches above the floor, was too high for him to reach (ECF No. 17-2 ¶ 10; ECF No. 17-4 ¶ 12); a mirror in the same restroom that was too high for him to use to see his own reflection because the bottom edge was mounted more than forty inches above the floor (ECF No. 17-2 ¶ 11; ECF No. 17-4 ¶ 13); and a toilet in the restroom that was devoid of grab bars (ECF No. 17-2 ¶ 12; ECF No. 17-4 ¶ 14). Plaintiff avers that these alleged ADA violations he encountered on his November 2013 and March 2014 visits "caused [him] difficulty, discomfort and embarrassment." (ECF No. 17-4 ¶ 15.)

## II. STANDARD OF LAW

### A. Summary Judgment

Summary judgment is appropriate where the moving party demonstrates that no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec.*

*Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party is required to tender evidence of specific facts in the form of affidavits or admissible discovery material. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material in the sense that it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The opposing party must also demonstrate that the dispute is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52.

In resolving a summary judgment motion, a district court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255 (citing *Adickes*, 398 U.S. at 158–59). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587 (quoting *First Nat'l Bank of Ariz.*, 391 U.S. at 289). Indeed, if a party "fails to properly address another party's assertion of fact," a district court may "consider the fact undisputed for purposes of the motion" or may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

        B.     <u>California's Unruh Civil Rights Act</u>

Any "violation of the right of any individual under the [ADA] shall also constitute a violation of" California's Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Each violation of the

Unruh Civil Rights Act carries with it a minimum of $4,000 in penalties. *Id.* §§ 52(a), 55.56(f). These statutorily mandated penalties may be recovered against the owners of a place of public accommodation "only if a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." *Id.* § 55.56(a).

Demonstrating that a plaintiff was denied the full and equal access necessary to trigger an award of statutory penalties requires a showing that "the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion." *Id.* § 55.56(b). "A violation personally encountered by a plaintiff may be sufficient to cause a denial of full and equal access if the plaintiff experienced difficulty, discomfort, or embarrassment because of the violation." *Id.* § 55.56(c). By contrast, claiming statutory damages for being deterred from visiting a place of public accommodation due to its ADA violations requires a plaintiff to demonstrate at least three additional things: (i) "[t]he plaintiff had actual knowledge of a violation or violations that prevented or reasonably dissuaded the plaintiff from accessing a place of public accommodation," *id.* § 55.56(d)(1); (ii) the violations in question "would have actually denied the plaintiff full and equal access if the plaintiff had accessed the place of public accommodation on that particular occasion," *id.* § 55.56(d)(2); and (iii) if the plaintiff claims multiple instances of deterrence, the plaintiff's conduct was reasonable "in light of the plaintiff's obligation, if any, to mitigate damages," *id.* § 55.56(i).

### C. Americans With Disabilities Act

"To prevail on a discrimination claim under Title III [of the ADA], a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010); *see generally* 42 U.S.C. § 12182(a) (setting forth the ADA's general rule).

Satisfying the first element of an ADA disability discrimination claim requires proof that a

plaintiff suffers from "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102. Walking is one of the major life activities defined by the ADA. *Id.* The second element of an ADA disability discrimination claim is met if the defendant is a restaurant, because such an establishment explicitly qualifies as a place of public accommodation subject to the ADA. *Id.* § 12181. The third element of a disability discrimination claim may be established in more than one way, depending on the nature of the facility in question.

### i. Facilities Constructed After 1993

If the place of public accommodation was built after January 26, 1993, a plaintiff may establish discrimination by demonstrating that said facility was not designed and constructed to be "readily accessible to and usable by individuals with disabilities." *Id.* § 12183(a)(1). In this context, "[w]hether a facility is 'readily accessible' is defined, in part, by the ADA Accessibility Guidelines ('ADAAG')." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (en banc) (citing 28 C.F.R. § 36.406(a); 28 C.F.R. pt. 36, app. A; *Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1024–25 (9th Cir. 2008)). This means that, for this category of places of public accommodation constructed after 1993, a plaintiff may generally establish the third element of a disability discrimination claim by presenting evidence that the facility in question contains features that do not comply with the relevant ADAAG specifications. *Id.* at 945–46.

### ii. Existing Facilities

"In the context of existing facilities, discrimination includes 'a failure to remove architectural barriers . . . where such removal is readily achievable.'" *Id.* at 945 (alteration in original) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). The ADAAG helps establish the technical standards defining what constitute architectural barriers in existing facilities, just as they do for facilities constructed after 1993. *See id.* at 947 ("Because the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA."). Depending on the date of the public accommodation's construction or alteration, the applicable ADAAG may be the standards promulgated in 1991 or

in 2010.  *See* 28 C.F.R. § 36.406(a).

However, as distinguished from places of public accommodation that undergo alterations or that are constructed after 1993, architectural barriers in existing facilities need only be removed where doing so is readily achievable. *Chapman*, 631 F.3d at 945.  In this context, "[t]he term 'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense," after weighing factors that include the nature and cost of the repairs, the overall financial resources of the facilities involved, and the type of operations carried on in the facilities involved.  42 U.S.C. § 12181.  The ADA's implementing regulations contain examples of steps that places of public accommodation may take to remove barriers, including "[i]nstalling ramps," 28 C.F.R. § 36.304(b)(1), "[r]earranging tables," *id.* § 36.304(b)(4), "[i]nstalling grab bars in toilet stalls," *id.* § 36.304(b)(12), "[i]nstalling a full-length bathroom mirror," *id.* § 36.304(b)(16), and "[r]epositioning the paper towel dispenser in a bathroom," *id.* § 36.304(b)(17).  Indeed, a plaintiff may help establish the ready achievability of a barrier removal by pointing to its inclusion in the list of examples contained in this part of the ADA's implementing regulations.  *See, e.g.*, *Yates v. Sweet Potato Enter., Inc.*, 684 F. App'x 655, 657 (9th Cir. 2017) ("The district court properly held that the installation of the power door was readily achievable . . . [because] the type of proposed installation in this case—'[i]nstalling accessible door hardware'—is one of the examples provided in the federal regulations as to the type of remedial step which might be 'easily accomplishable and able to be carried out without much difficulty or expense.'" (third alteration in original) (quoting 28 C.F.R. § 36.304(a), (b)(11))).  This is particularly true where the place of public accommodation represents that it intends to make the requested alterations to its physical plant.  *See id.* (holding that district court's reliance on defendant's representation that it intended to install an accessible power door "ma[de] clear that the district court considered the factors under Section 12181(9) and found that [the defendant] had the capacity and financial wherewithal to install the power door").

**III.**    **ANALYSIS**

    A.    <u>Plaintiff's Disability</u>

The evidence is uncontroverted that Plaintiff is disabled within the meaning of the ADA

7

because he is a quadriplegic who cannot engage in the major life activity of walking. (ECF No. 17-4 ¶ 2); 42 U.S.C. § 12102. Accordingly, Plaintiff has established that "he is disabled within the meaning of the ADA." *Arizona ex rel. Goddard*, 603 F.3d at 670.

### B. Ownership of Place of Public Accommodation

There is no genuine dispute of material fact that Defendant owned the restaurant at issue in this litigation at the time Plaintiff encountered the alleged access barriers there. (ECF No. 17-2 ¶ 2.) Because the facility is a restaurant open to the public (ECF No. 17-2 ¶ 3), it qualifies as a public accommodation under the ADA, *see* 42 U.S.C. § 12181; *Arizona ex rel. Goddard*, 603 F.3d at 670 (requiring proof for ADA claims that "the defendant is a private entity that owns, leases, or operates a place of public accommodation").

### C. Denial of Public Accommodation Due to Disability

Plaintiff appears to concede that he was denied accommodation due to his disability only if the access barriers he encountered at the Sammy's Restaurant in 2013 and 2014 were readily achievable to remove. (*See* ECF No. 17-1 at 12 ("All of these barriers were readily achievable for Defendant to remove.").)

#### i. Lack of Accessible Restroom

Plaintiff asserts that when he visited the Sammy's Restaurant in 2013 and 2014, the paper towel dispenser was too high, the mirror above the sink was mounted too high, and the toilet in the restroom had no grab bars. (ECF No. 17-4 ¶¶ 11–14.) Plaintiff argues that this lack of accessible restroom facilities constituted multiple barriers in violation of ADA standards, *see* 42 U.S.C. § 12182(b)(2)(A)(iv); (ECF No. 17-1 at 11), barriers which could easily have been removed (ECF No. 17-1 at 12). Defendant admits that there is "little dispute that Defendants' property was not fully ADA compliant when [Plaintiff] allegedly first visited," and Defendant makes no effort to present facts showing that these noncompliant conditions were ever altered. (ECF No. 20 at 1.) Accordingly, the Court finds that Plaintiff encountered access barriers in the Sammy's Restaurant restroom in violation of the ADA during his visit to the premises in late 2013 and early 2014. *See* Fed. R. Civ. P. 56(e).

As noted above, the ADA's implementing regulations list remediation of the access

barriers Plaintiff encountered in Defendant's restroom as steps that presumptively qualify as readily achievable. 28 C.F.R. § 36.304(b)(12) (listing installation of grab bars in toilet stalls), (b)(16) (listing installation of a full-length bathroom mirror), (b)(17) (listing the repositioning of bathroom's paper towel dispenser). Furthermore, Defendant does not dispute that it previously committed to remediating these very access barriers in its restroom. (ECF No. 17-1 at 6; ECF No. 17-4 ¶¶ 4–5, 8.) Accordingly, the Court finds that it would have been readily achievable for Defendant to remediate the access barriers Plaintiff encountered in the Sammy's Restaurant restroom during his visit to the premises in late 2013 and early 2014. *See* Fed. R. Civ. P. 56(e); *Yates*, 684 F. App'x at 657 (crediting argument that listing of remedial steps in ADA implementing regulations, along with evidence that defendant intended to remediate the barriers, demonstrates such steps' ready achievability). These facts constitute sufficient evidence to demonstrate that Plaintiff was "denied public accommodations by the defendant because of his disability," *Arizona ex rel. Goddard*, 603 F.3d at 670, on the dates he encountered the access barriers in Defendant's restroom, *Chapman*, 631 F.3d at 945 ("In the context of existing facilities, discrimination includes 'a failure to remove architectural barriers . . . where such removal is readily achievable.'" (alteration in original) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv))).

Accordingly, Plaintiff is entitled to judgment as a matter of law that the lack of accessible restroom features he encountered during his 2013 and 2014 visits to Defendant's restaurant violated the ADA. *See Chapman*, 631 F.3d at 947 (holding that "if a barrier violating [ADA] standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA").

*ii.     Lack of Accessible Dining Area*

Plaintiff asserts that when he visited the Sammy's Restaurant in 2013 and 2014, "[t]here was insufficient knee clearance for [him] at the outside dining tables" (ECF No. 17-4 ¶ 9) and his "path of travel to the dining bar/counter had an unramped step" (ECF No. 17-4 ¶ 10). Plaintiff argues that these architectural features constituted barriers in violation of ADA standards, *see* 42 U.S.C. § 12182(b)(2)(A)(iv); (ECF No. 17-1 at 11–12), barriers which could easily have been removed (ECF No. 17-1 at 12). Defendant admits that there is "little dispute that Defendants'

9

property was not fully ADA compliant when [Plaintiff] allegedly first visited," and Defendant makes no effort to present facts showing that these noncompliant conditions were ever altered. (ECF No. 20 at 1.) Accordingly, the Court finds that Plaintiff encountered access barriers in the Sammy's Restaurant dining areas in violation of the ADA during his visit to the premises in late 2013 and early 2014. *See* Fed. R. Civ. P. 56(e).

As noted above, the ADA's implementing regulations list remediation of the access barriers Plaintiff encountered in Defendant's dining area as steps that presumptively qualify as readily achievable. 28 C.F.R. § 36.304(b)(1) (listing installation of ramps), (b)(4) (listing rearranging of tables). Furthermore, Defendant does not dispute that it previously committed to remediating these very access barriers in its dining area. (ECF No. 17-1 at 6; ECF No. 17-4 ¶¶ 4–10.) Accordingly, the Court finds it established beyond dispute that it would have been readily achievable for Defendant to remediate the access barriers Plaintiff encountered in the Sammy's Restaurant dining area during his visit to the premises in late 2013 and early 2014. *See* Fed. R. Civ. P. 56(e); *Yates*, 684 F. App'x at 657 (crediting argument that listing of remedial steps in ADA implementing regulations, along with evidence that defendant intended to remediate the barriers, demonstrates such steps' ready achievability). These facts constitute sufficient evidence to demonstrate that Plaintiff was "denied public accommodations by the defendant because of his disability," *Arizona ex rel. Goddard*, 603 F.3d at 670, on the dates he encountered the access barriers in Defendant's dining area, *Chapman*, 631 F.3d at 945 ("In the context of existing facilities, discrimination includes 'a failure to remove architectural barriers . . . where such removal is readily achievable.'" (alteration in original) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv))).

Accordingly, Plaintiff is entitled to judgment as a matter of law that the lack of an accessible dining area he encountered during his 2013 and 2014 visits to Defendant's restaurant violated the ADA by denying him public accommodation due to his disability. *See Chapman*, 631 F.3d at 947 (holding that "if a barrier violating [ADA] standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA").

///

D.     Monetary Relief

Because Plaintiff is entitled to summary judgment on the question of whether his civil rights were violated during his 2013 and 2014 visits to Defendant's restaurant, he is also entitled to statutory damages pursuant to California's Unruh Civil Rights Act. Cal. Civ. Code §§ 51(f), 52(a), 55.56(f); (ECF No. 17-2 ¶ 13; ECF No. 20 at 2 ("Plaintiff is allowed statutory damages under California law . . . .")). However, the parties dispute whether Plaintiff is entitled to $4,000 or $8,000 in statutory damages. (*See* ECF No. 17-1 at 13 ("Mr. Johnson only seeks two penalties—one for his November 2013 visit, and one for his multiple visits thereafter."); ECF No. 20 at 2 (arguing that "Plaintiff is only entitled to damages for a single visit for $4,000.").)

Citing to section 55.56(h) of California's Civil Code, Defendant argues that Plaintiff is entitled only to a single $4,000 statutory damage award because "he has presented no evidence whatsoever as to the reasonableness of his visits [to the Sammy's Restaurant] or 'his subjective intended visits' for which he now claims damages in the amount of $8,000." (ECF No. 20 at 3.)[1] In response, Plaintiff argues that section 55.56(i) is inapplicable to the statutory damages he requests because that section's reasonableness standard only applies "[i]n assessing liability under subdivision (d)," Cal. Civ. Code § 55.56(i), where a plaintiff's claims to statutory damages are predicated upon being "deterred from accessing a place of public accommodation on a particular occasion," *id.* § 55.56(d); (ECF No. 22 at 6–7). Plaintiff points out that his statutory damages claim does not implicate section 55.56(i) because he is entitled to $8,000 "by virtue of having had multiple, actual encounters" with Defendant's access barriers, not because he was deterred from patronizing the Sammy's Restaurant due to those barriers. (ECF No. 22 at 7.)

Defendant is certainly justified in questioning the reasonableness of Plaintiff's historic use of the ADA against small businesses given "the number of ADA lawsuits this Plaintiff has on file" in this Court and in other district courts in California. (ECF No. 20 at 3.) Nonetheless, Defendant fails to demonstrate either a genuine issue of material fact or that Plaintiff is not entitled to an $8,000 statutory damage award as a matter of law. *See* Fed. R. Civ. P. 56(a). First,

---

[1] S.B. 269, enacted by the California Legislature in 2016, amended section 55.56 of California's Civil Code so that the provision Defendant cites as section 55.56(h) is now section 55.56(i). *See* Act of May 10, 2016, ch. 13, sec. 2, § 55.56(h)-(i), 2016 Cal. Legis. Serv. (West).

11

Defendant failed to lay a factual foundation for its reasonableness argument either in a "reproduc[tion of] the itemized facts in [Plaintiff's] Statement of Undisputed Facts" or in a "concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment." L.R. 260(b). This alone is a sufficient basis upon which to discard Defendant's argument. *See* L.R. 110; Fed. R. Civ. P. 56(e)(2).

Second, even had Defendant established proper factual support for its attack on the reasonableness of Plaintiff's behavior, Defendant's argument would still fail. This is because the plain language of the statutory provision upon which Defendant relies limits its applicability to deterrence claims as described in section 55.56(d) of California's Civil Code. Cal. Civ. Code § 55.56(i) ("In assessing liability under subdivision (d), . . . ."). Plaintiff's claims in the instant case, by contrast, rely solely on his actual encounters with the access barriers at Defendant's restaurant in 2013 and 2014, not on any instances in which Plaintiff was deterred from visiting the restaurant. (ECF No. 17-1 at 13 (asserting that Plaintiff "seeks two penalties [of $4,000 each]— one for his November 2013 visit, and one for his multiple visits thereafter"); ECF No. 17-2 ¶¶ 6, 13.) Accordingly, Plaintiff's $8,000 statutory damages request in the instant case does not implicate section 55.56(d) of California's Civil Code, so there is no basis upon which to apply that section's reasonableness standard to Plaintiff's conduct.

Third, Defendant points to no authority for the proposition that statutory damages for actual encounters under California's Unruh Civil Rights Act are subject to a reasonableness limitation. (*See generally* ECF No. 20.) In the case that Defendant does cite, the district court declined to award statutory damages because the plaintiff "provide[d] no evidence that indicates he alerted defendants to the barriers he encountered before he made a second visit or that he expected the barriers to be removed before he returned." *Johnson v. Wayside Prop., Inc.*, 41 F. Supp. 3d 973, 981 (E.D. Cal. 2014) (citing *Ramirez v. Sam's for Play Café*, Civ. No. 11–1370 MEJ, 2013 WL 4428858, at *8–9 (N.D. Cal. Aug. 15, 2013)). The same is not true here because Defendants were clearly on notice that Plaintiff had encountered access barriers in 2011 that he expected would be removed. (ECF No. 17-4 ¶¶ 4–5.)

Accordingly, Plaintiff is entitled to $8,000 in statutory damages pursuant to California's Unruh Civil Rights Act, as requested. (*See* ECF No. 17-1 at 13.)

**IV. CONCLUSION**

For the reasons set forth above, Plaintiff's motion for summary judgment (ECF No. 17) is GRANTED.

IT IS SO ORDERED.

Dated: April 7, 2019

Troy L. Nunley
United States District Judge