UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMMY"S RESTAURANT, INC.,<br><br>  Defendant. | No. 2:15–cv–147–TLN–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 62) |

Presently pending before the court is plaintiff's motion for default judgment against defendant Sammy's Restaurant, Inc.[1] (ECF No. 62.) After defendant failed to file an opposition to the motion in accordance with Local Rule 230(c), the motion was submitted on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 63.)

For the reasons discussed below, the court now recommends that plaintiff's motion for default judgment be DENIED, plaintiff's claim under the Americans with Disabilities Act be DISMISSED, and the court decline supplemental jurisdiction over the remaining state law claims.

///

///

///

---

[1] This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Local Rule 302(c)(19).

1

**Background**

Plaintiff, a level C-5 quadriplegic who cannot walk, has significant manual dexterity impairments, and uses a wheelchair and a specially-equipped van. Plaintiff alleged that defendant owns, operates, and/or leases a business establishment and place of public accommodation known as Sammy's Restaurant, which is located at 2021 Del Paso Blvd., Sacramento, California. (ECF No. 1 at ¶¶ 1-2.) According to plaintiff, he previously sued this restaurant for violations of ADA in 2011; however, the case was dismissed without prejudice because plaintiff believed defendants were going to remedy the barriers. (Id. at ¶ 8.) Plaintiff returned to the restaurant in 2013 and 2014, and encountered all of the same barriers again. (Id. at ¶¶ 15-16.) Plaintiff alleged he lived ten (10) minutes away from the restaurant and desired to return after the barriers got fixed. (Id. at ¶¶ 18.) Plaintiff's complaint sought inter alia injunctive relief; statutory damages; and attorneys' fees, and costs. (Id. at 9-10.)

Plaintiff initiated this action on January 17, 2015, alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"); California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq.; the California Disabled Persons Act, Cal. Civ. Code §§ 54 et seq.; as well as a negligence claim. (See, generally, ECF No. 1.) Defendant denied all liability, and the case proceeded through discovery and paused in 2019. (ECF Nos. 4, 33.) Thereafter, the court learned that defendant's counsel had been disbarred. (ECF No. 47.) Defendant failed to acquire new counsel, and in March of 2023, the court struck defendant's answer and directed the clerk to enter defendant's default. (ECF Nos. 57, 58.)

On April 21, 2023, plaintiff filed a motion for a default judgment, in which he withdrew his request for injunctive relief after learning that Sammy's Restaurant has been permanently closed. (ECF No. 62 at 9.) However, plaintiff still sought statutory damages pursuant to California's Unruh Civil Rights Act, and attorneys' fees and costs pursuant to the ADA and California's Unruh Civil Rights Act. (Id.)

**Legal Standard – Sua Sponte Consideration of Subject-Matter Jurisdiction**

It is well settled that a federal court must dismiss a case for lack of subject matter jurisdiction, even should the parties fail to raise the issue. Mansfield, Coldwater & Lake

Michigan Railway v. Swan, 111 U.S. 379, 382 (1884); Fiedler v. Clark, 714 F.2d 77, 78-79 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  A court's lack of subject matter jurisdiction cannot be waived by the parties, nor can it be conferred upon the district court by agreement of the parties.  Mitchell v. Maurer, 293 U.S. 237, 243 (1934).  Therefore, when entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over the subject matter and determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.  In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

Once a court determines that jurisdiction exists and that service of process was sufficient, the court may then consider the following factors when exercising its discretion to grant or deny a default judgment motion:  (1) the possibility of prejudice to the plaintiff; (2) the merits of the substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**Discussion**

Here, plaintiff's claims are premised on two sources of law.  As to the first, the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101, et seq.), the court has federal question jurisdiction so long as the claim remains cognizable.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States).  As to the second set of law, California's Unruh Civil Rights Act (Cal Civ. Code §§ 51 et seq.) and tort of negligence, the court may choose to exercise supplemental jurisdiction over a state law claim if that claim is "so related to [the other] claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." See 28 U.S.C. § 1367(a); see also Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009).

///

A. ADA Claim

To succeed on an ADA claim, a plaintiff must establish that: (1) he or she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the defendant denied the plaintiff public accommodations because of his or her disability. Arizona ex rel. v. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010). A plaintiff cannot recover damages under Title III of the ADA, however, as only injunctive relief is awarded. Oliver v. Ralphs Grocery Store Co., 654 F.3d 903, 905 (9th Cir. 2011); 42 U.S.C. §§ 12188(a), 2000a-3(a). A plaintiff must have standing to obtain ADA injunctive relief. See Stickrath v. Globalstar, Inc., 527 F. Supp. 2d 992, 995 (N.D. Cal. 2007) ("To satisfy the constitutional requirements of standing, the plaintiff must have suffered an 'injury in fact' — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.") (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)) (internal quotation omitted). In the context of a claim for injunctive relief under Title III of the ADA, a plaintiff must "demonstrate a sufficient likelihood that he will again be wronged in a similar way. That is, he must establish a real and immediate threat of repeat injury." Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004) (citations omitted).

Here, plaintiff cannot demonstrate this threat; in fact, in the motion for default judgment plaintiff himself opted to withdraw his request for injunctive relief under the ADA because the restaurant has permanently closed. (ECF No. 62 at 9.) The ADA claim is now moot as plaintiff no longer has standing to seek any relief under the ADA claim, and therefore the court no longer has subject matter jurisdiction under federal question jurisdiction (diversity jurisdiction was not pleaded). See In re Burrell, 415 F.3d 994, 998 (9th Cir. 2005) ("If the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction, and the concomitant 'power to declare the law' by deciding the claims on the merits."); see also, e.g., Hubbard v. Miandmo Investments LLC, 2021 WL 2669296, *2 (C.D. Cal. June 29, 2021) (dismissing ADA claim as moot during default judgment proceeding, given that the defendant's establishment closed). For this reason, the court recommends plaintiff's claim under the ADA be dismissed.

B. Unruh Act Claim

Remaining in the case are plaintiff's state law claims over which it originally had supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Primary of these is plaintiff's claim under California's Unruh Act. (See ECF No. 1.) Under 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if, among other things, "the district court has dismissed all claims over which it has original jurisdiction[.]" Given that the ADA claim is subject to dismissal, the undersigned recommends the court decline supplemental jurisdiction over the remaining state law claims.

"Plaintiff's federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." Wander v. Kaus, 304 F.3d 856, 859 (9th Cir. 2002). In Wander, the Ninth Circuit Court made their thoughts on Unruh claims such as this one clear. There, the court affirmed district court's decision to decline supplemental jurisdiction after the federal question became moot when defendants no longer operated the place of public accommodation at issue. Id. The court reasoned that:

> [W]e think it is clear that the exercise of federal-question jurisdiction under these circumstances would fly in the face of clear congressional intent. We agree with the district court that Wander's state law cause of action claim does not "arise under federal law" even though it is premised on a violation of federal law.

Id. Courts have also declined to exercise supplemental jurisdiction over Unruh Act claims in other cases where ADA claims became moot. See, e.g., Johnson v. Shasta Corp., 2022 U.S. Dist. LEXIS 45047 (N.D. Cal. Feb. 24, 2022) ("The undersigned will also note that declining supplemental jurisdiction under these circumstances will not operate to deprive plaintiff of any remedies . . . if any inconvenience is created by the decision to decline to exercise supplemental jurisdiction, those are problems created by plaintiff's filing of this action in federal court rather than in a state court . . . Or, to put it another way, in declining to exercise supplemental jurisdiction, the court would merely be respecting the balance that Congress struck when it enacted the ADA and provided a private right of action for injunctive relief and attorneys' fees, while deciding to not allow for the recovery of statutory damages; meanwhile, the court would also serve the interests of comity by respecting California's effort to curb the above-discussed

abuses of the Unruh Act by high-frequency litigants."); see also, e.g., Brooke v. Sai Ashish Inc; 2021 WL 4804220 (E.D. Cal. October 21, 2021) (declining to exercise supplemental jurisdiction over plaintiff's Unruh Act claim where the associated ADA claim was dismissed for lack of standing); Hubbard, 2021 WL 2669296, *2 (declining to exercise supplemental jurisdiction over Unruh Act claim after denial of ADA default judgment and dismissal of ADA claim because defendant's establishment closed); Langer v. Heard, 2018 U.S. Dist. LEXIS 186707 (C.D. Cal. Oct. 30, 2018) (declining supplemental jurisdiction over Unruh Act claim after ADA claim was mooted by defendant's removal of all barriers); Pickern v. Best W. Timber Cove Lodge Marina Resort, 194 F. Supp. 2d 1128, 1133 (E.D. Cal. 2002) (finding no exceptional circumstances to retain supplemental jurisdiction over state law claims after ADA claim's dismissal despite plaintiff's arguments of inconvenience).  The Ninth Circuit has "often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997).

As plaintiff's sole federal claim is moot, and the state law claim for relief does not arise under federal law within the meaning of 28 U.S.C. § 1331, this court should decline supplemental jurisdiction over the remaining state-law claims in this action.

## RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 62) be DENIED;
2. Plaintiff's claim under the Americans With Disabilities Act be DISMISSED as MOOT;
3. The court DECLINE to exercise supplemental jurisdiction over the remaining state law claims; and
4. The Clerk of Court be directed to vacate all dates and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with

1 | the court and serve a copy on all parties.  Such a document should be captioned "Objections to
2 | Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served
3 | on all parties and filed with the court within fourteen (14) days after service of the objections.
4 | The parties are advised that failure to file objections within the specified time may waive the right
5 | to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998);
6 | Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
7 | Dated:  October 31, 2023

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john.147